NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| DANIEL CARABALLO, | Civil Action No. 17-12086 (JLL) |
| --- | --- |
| Plaintiff, | |
| v. | OPINION |
| NICOLE DUDAS, et al., | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before the Court is the complaint (ECF No. 1) of Plaintiff, Daniel Caraballo, raising claims against various prison officials pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim Plaintiff raises which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I. BACKGROUND**

Plaintiff, Daniel Caraballo, is a prisoner confined in Northern State Prison. Prior to June 2017, Plaintiff was classified as being in "Gang-Minimum Custody Status," which permitted him to work as a kitchen worker in the prison. (ECF No. 1 at 2). Following surgery upon his left eye, Plaintiff was transferred to another unit and placed on a higher level custody status without

explanation. (*Id.*). This change in classification resulted in Plaintiff losing his kitchen worker job and a reduction in Plaintiff's pay. (*Id.* at 2-3). Plaintiff contends that Defendants deprived him of Due Process by changing his classification status and in turn removing him from his prior prison job without explanation or reason other than his surgery and convalescence.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

2

factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

In his complaint, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 for violations of his Due Process rights. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

Plaintiff asserts that Defendants denied him his right to Due Process by both changing his prison classification level and in removing him from his prison job without explanation, resulting in Plaintiff receiving a lower paying prison job.

In both of his claims, Plaintiff claims that he was denied Due Process when he was reclassified and lost his job without procedural protections including a full explanation for the change in his classification status. A prisoner's right to Due Process, however, will only attach and require a hearing or explanation for changes in status only where the plaintiff is being deprived of a legally cognizable liberty interest. *Huertas v. Sec'y Pennsylvania Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013). The Due Process Clause itself will generally only create a liberty interest for a prisoner where some punishment or condition to which the prisoner is subjected "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As the Court explained in *Sandin*, even confinement in "administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486). The Third Circuit has therefore found that a prisoner has no liberty interest in being assigned to any particular level of custody or any particular place of confinement as "any security classification[] is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'" *Johnson v. Burris*, 339 F. App'x 129, 130 (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Heaney v. N.J. Dep't of Corr.*, No. 10-3027, 2010 WL 5094429, at * 2 (D.N.J. Dec. 8, 2010). As Plaintiff has pled no facts showing that his

placement in a higher security classification imposed any atypical hardships, nor has Plaintiff pled a state created liberty interest in his classification, Plaintiff's first Due Process claim fails to state a claim for relief as he has not been deprived of a cognizable liberty interest.

Plaintiff's claim that he was denied Due Process when he was removed from his prior prison job as a result of his reclassification fairs no better. As the Third Circuit has long held, prison "inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989); *Morales v. Grondolsky*, 2009 WL 1545841, at *3 (D.N.J. May 29, 2009). As Plaintiff did not have a protected liberty or property interest in his prison employment, the loss of his prior prison job does not implicate Due Process, and he was not entitled to the process he now claims he was denied under the Fourteenth Amendment. Hence, his prison job claim also fails to state a claim for which relief can be granted. Plaintiff's complaint will therefore be dismissed without prejudice in its entirety.

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. An Appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court