*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL CARABALLO,** | Civil Action No. 17-12086 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| **NICOLE DUDAS, et al.,** | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before the Court is the amended complaint (ECF No. 5) of Plaintiff, Daniel Caraballo, raising claims against various prison officials pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim Plaintiff raises which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, Daniel Caraballo, is a prisoner confined in Northern State Prison. On or about November 27, 2017, he filed his initial complaint, in which he alleged that he had been reclassified from "Gang-Minimum Custody Status," which permitted him to work as a kitchen worker in the prison, to another unit and higher custody status for no apparent reason following surgery upon his

left eye. (ECF No. 1 at 2). Plaintiff also alleged that this change in status resulted in Plaintiff losing his kitchen worker job and a reduction in his pay. (*Id.* at 2-3). Plaintiff therefore asserted in his original complaint that he had been denied Due Process when this change occurred without a hearing or other procedure. (*Id.*).

On December 21, 2017, this Court entered an order and opinion which screened Plaintiff's original complaint and dismissed it without prejudice for failure to state a claim for relief. In so doing, this Court explained as follows:

> "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).
>
> Plaintiff asserts that Defendants denied him his right to Due Process by both changing his prison classification level and in removing him from his job without explanation, resulting in Plaintiff receiving a lower paying prison job.
>
> In both of his claims, Plaintiff claims that he was denied Due Process when he was reclassified and lost his job without procedural protections including a full explanation for the change in his classification status. A prisoner's right to Due Process, however, will only attach and require a hearing or explanation for changes in status only where the plaintiff is being deprived of a legally cognizable liberty interest. *Huertas v. Sec'y Pennsylvania Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013). The Due Process Clause itself will generally only create a liberty interest for a prisoner where some punishment or condition to which the prisoner is subjected

> "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As the Court explained in *Sandin*, even confinement in "administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486). The Third Circuit has therefore found that a prisoner has no liberty interest in being assigned to any particular level of custody or any particular place of confinement as "any security classification[] is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'" *Johnson v. Burris*, 339 F. App'x 129, 130 (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Heaney v. N.J. Dep't of Corr.*, No. 10-3027, 2010 WL 5094429, at * 2 (D.N.J. Dec. 8, 2010). As Plaintiff has pled no facts showing that his placement in a higher security classification imposed any atypical hardships, nor has Plaintiff pled a state created liberty interest in his classification, Plaintiff's first Due Process claim fails to state a claim for relief as he has not been deprived of a cognizable liberty interest.
>
> Plaintiff's claim that he was denied Due Process when he was removed from his prior prison job as a result of his reclassification fairs no better. As the Third Circuit has long held, prison "inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989); *Morales v. Grondolsky*, 2009 WL 1545841, at *3 (D.N.J. May 29, 2009). As Plaintiff did not have a protected liberty or property interest in his prison employment, the loss of his prior prison job does not implicate Due Process, and he was not entitled to the process he now claims he was denied under the Fourteenth Amendment, ... [and] his prison job claim also fails to state a claim for which relief can be granted.

(ECF No. 3 at 5).

In response to the dismissal of his complaint without prejudice, Plaintiff filed with the Court on or about January 16, 2018, a proposed amendment to his complaint. (ECF No. 5). In

3

his proposed amended complaint, Plaintiff seeks to amend his job-based claim to allege that, in addition to lower pay, Plaintiff's change in prison employment as a result of his reclassification also reduced his ability to earn work credits against his sentence. (ECF No. 5 at 2). Specifically, Plaintiff alleges that he was able to earn eleven days of work credits per month in his prior job, while his new prison job only earns him six days of work credit per month. (*Id.*). Plaintiff alleges that this alleged loss of the potential to earn work credits amounts to a cognizable liberty interest entitling him to Due Process. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

As this Court previously explained, a prisoner's right to Due Process will only attach, and a hearing will therefore only be required, where the prisoner has been deprived of a cognizable liberty or property interest. *Huertas*, 533 F. App'x at 66; *see also Sandin*, 515 U.S. at 486; *Smith*, 293 F.3d at 653. A prisoner, however, has no protected liberty or property interest conferring upon him a right to a particular prison job, nor to any particular prison classification level. *See Watson*, 567 F. App'x at 78; *James*, 866 F.2d at 629-30; *see also Johnson*, 339 F. App'x at 130 (quoting *Fraise*, 283 F.3d at 522). The fact that Plaintiff lost his prison kitchen job or was

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

reclassified to a different level of custody within the prison therefore does not impugn Due Process, even where no hearing or explanation was provided.

Instead, Plaintiff could only show an entitlement to Due Process were he to establish that he additionally lost some other vested liberty or property interest in the process. In his amended complaint, Plaintiff attempts to make such a showing by alleging that he lost the ability to earn five days of work credit a month, as he previously earned eleven days a month and now only earns six. (ECF No. 5 at 2). Plaintiff does not allege that he lost any of the credits he has already earned, only that his prospective *opportunity* to earn credits has been reduced.

As courts in this District have long held, however, although a prisoner may have a liberty interest in good time credits he has already earned, *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974), prisoners have "no constitutionally protected 'liberty' interest *in an opportunity to work or receive work credits* while incarcerated in the New Jersey prison system." *Rowe v. Fauver*, 533 F. Supp. 1239, 1245 (D.N.J. 1982) (emphasis added); *see also Rodriguez-Ramos v. Federal Bureau of Prisons*, No. 14-3942, 2015 WL 6082300, at *7 (D.N.J. Oct. 15, 2015); *Drisco v. Williams*, No. 13-1144, 2015 WL 5097790, at *8 (D.N.J. Aug. 27, 2015); *Colon v. Zickefoose*, No. 12-3433, 2013 WL 6497957, at *6 (D.N.J. Dec. 11, 2013) (prisoner has "no liberty interest *in the opportunity to earn* good conduct time") (emphasis in original); *see also Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (loss of eligibility to earn good time credits too attenuated to amount to protected liberty interest absent the loss of any previously earned credits). Plaintiff thus has no liberty interest in his eligibility to prospectively earn work credits, and as such his reduced ability to earn credits in the future does not amount to a liberty interest sufficient to warrant Due Process

protections. Plaintiff's amended complaint therefore fails to state a claim for relief and must be dismissed.

### III. CONCLUSION

For the reasons stated above, Plaintiff's amended complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief may be granted. An Appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court