NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL CARABALLO, | Civil Action No. 17-12086 (JLL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| NICOLE DUDAS, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On or about November 27, 2017, Plaintiff, Daniel Caraballo, filed a complaint in this Court attempting to raise claims for the denial of Due Process for the loss of his prison job and tier status in Northern State Prison following a surgery he had undergone. (ECF No. 1).

2. On December 21, 2017, this Court entered an Order and Opinion screening that complaint, and ultimately dismissing the complaint because Plaintiff had failed to plead that he had lost a cognizable liberty interests sufficient to trigger Due Process protections. (ECF Nos. 3-4).

3. Petitioner thereafter filed an amended complaint on or about January 16, 2018. (ECF No. 5). In his amended complaint, Plaintiff attempted to plead that he had lost a liberty interest in losing his prison job as he had lost the opportunity to earn a greater number of work time credits when he had lost his job. (*Id.*).

4. On February 20, 2018, this Court entered another Order and Opinion, this time screening Plaintiff's amended complaint and once again dismissing it for failing to plead a

cognizable liberty interests. (ECF nos. 6-7). In dismissing Plaintiff's amended complaint, this Court explained that

> although a prisoner may have a liberty interest in good time credits he has already earned, *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974), prisoners have "no constitutionally protected 'liberty' interest *in an opportunity to work or receive work credits* while incarcerated in the New Jersey prison system." *Rowe v. Fauver*, 533 F. Supp. 1239, 1245 (D.N.J. 1982) (emphasis added); *Rodriguez-Ramos v. Federal Bureau of Prisons*, No. 14-3942, 2015 WL 6082300, at *7 (D.N.J. Oct. 15, 2015); *Drisco v. Williams*, No. 13-1144, 2015 WL 5097790, at *8 (D.N.J. Aug. 27, 2015); *Colon v. Zickefoose*, No. 12-3433, 2013 WL 6497957, at *6 (D.N.J. Dec. 11, 2013) (prisoner has "no liberty interest *in the opportunity to earn good conduct time*," emphasis in original); *see also Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (loss of eligibility to earn good time credits too attenuated to amount to protected liberty interest absent the loss of any previously earned credits). Plaintiff thus has no liberty interest in his eligibility to prospectively earn work credits, and as such his reduced ability to earn credits in the future does not amount to a liberty interest sufficient to warrant Due Process protections.

(ECF No. 6 at 6-7).

5. On March 26, 2018,[1] Plaintiff filed a response to that order, which this Court construes as a Motion For Reconsideration brought pursuant to either Local Rule 7.1(i) or Federal Rule of Civil Procedure 59(e). (ECF No. 8). In his motion, Plaintiff states only that he "feels" that he has pled a cognizable liberty interest, and attempts to challenge a finding not made in this Court's screening opinions – *i.e.* that Defendants are all immune from suit. (*Id.*)

6. Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or

---

[1] This Court assumes for the sake of this memorandum opinion that Plaintiff handed his motion over to be mailed on the date he provides in his motion – March 26, 2018 – and considers his motion filed as of that date. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (under prisoner mailbox rule, documents are deemed to have been filed by a prisoner on the date the prisoner hands them over to prison officials to be mailed).

Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Twp. Of Ocean*, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2, 7.

7. In his reconsideration motion, Plaintiff has not provided any new evidence, nor raised any actual errors of law or fact made by the Court. Instead he only expresses his disagreement with the Court's Order and, as noted above, argues against a finding of immunity this Court never made. Plaintiff's motion has thus presented no valid basis for reconsideration, and is without merit. *Blystone*, 664 F.3d at 415; *Delanoy*, 2015 WL 2235106 at *2.

8. Additionally, the Court notes that Plaintiff's motion was filed, at the earliest, on March 26, 2018, some thirty-four days after the order being challenged. Motions for reconsideration brought pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of judgment," and this Court cannot extend that deadline. *See* Fed. R. Civ. P. 6(b)(2); Fed. R. Civ. P. 59(e). Reconsideration motions brought pursuant to Local Civil Rule 7.1(i) are subject to an even more stringent time limitation – by rule, they must be "served and filed within 14 days after the entry of the order" being challenged. Local Civil Rule 7.1(i); *see also Smart v. Aramark, Inc.*, 618 F. App'x 728, 730, 730 n. 3 (3d Cir. 2015) (noting that Rule 7.1(i) reconsideration motions have a fourteen day deadline while Rule 59(e) motions have a twenty-eight day deadline). Because Plaintiff's motion was filed more than twenty eight days after the order being challenged, Plaintiff's reconsideration motion is clearly untimely whether filed pursuant to Local Rule 7.1(i) or Rule 59(e), and must be denied for that reason as well.

9. In conclusion, Plaintiff's motion for reconsideration (ECF No. 8) is DENIED. An appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court